UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
IN ADMIRALTY

GREAT LAKES REINSURANCE
(UK) PLC,

      Plaintiff,

                                 CASE NO.

vs.

AMERICAN FOUNDATION FUNDING,
INC., and G-STAR SCHOOL FOUNDATION,
INC.

      Defendants.

_____/

## COMPLAINT FOR DECLARATORY JUDGMENT

      COMES NOW the Plaintiff, GREAT LAKES REINSURANCE (UK) PLC, by and through its undersigned attorneys, and for its Complaint seeking this Court's Declaratory Judgment would respectfully state as follows:

## JURISDICTION AND VENUE

      1.      This is an action for declaratory relief pursuant to Title 28 of the United States Code, sec. 2201 et seq, in that a present controversy exists between the parties hereto in which the Plaintiff asks this Court to adjudicate and determine the rights of the parties to a contract of marine insurance which is in dispute.

      2.      Venue lies within the Southern District of Florida as this cause arises out of a policy of marine insurance delivered by Plaintiff to the Assureds named therein, the Defendants

AMERICAN FOUNDATION FUNDING, INC. and G-STAR SCHOOL FOUNDATION, INC.,

located at 1600 South Federal Highway, #951, Pompano Beach, Florida 33308.

3.      This is an admiralty and maritime cause within the meaning of Rule 9(h) of the

Federal Rules of Civil Procedure, and this Court has jurisdiction pursuant to Title 28 of the United

States Code, sec. 1333.

4.      Plaintiff, GREAT LAKES REINSURANCE (UK) PLC, (hereinafter "GREAT

LAKES") is a corporation organized and existing under the laws of the United Kingdom, with its

office and principal place of business located in the United Kingdom, in the City of London.

5.      Upon information and belief, the Defendant AMERICAN FOUNDATION

FUNDING, INC.  (hereinafter "AMERICAN FOUNDATION") is a corporation with its office and

principal place of business in the State of Florida.

6.      Upon information and belief, the Defendant G-STAR SCHOOL FOUNDATION,

INC.  (hereinafter "G-STAR") is a corporation with its office and principal place of business in the

State of Florida.


## FACTUAL ALLEGATIONS

7.      On or about November 14, 2013, the Defendants named herein submitted to the

Plaintiff, via Defendants' agent, an application for a policy of marine insurance. Such a submission

was a routine aspect of the Plaintiff's procedure for considering whether to agree to provide

insurance coverage.

8.      A true and correct copy of the said application form completed and signed on behalf of the Defendants, and submitted to Plaintiff on or about November 14, 2013 is attached hereto as Exhibit "A."

9.      Plaintiff agreed to issue a policy of marine insurance based upon the representations set forth in, and the material information disclosed in, the application form which is attached hereto as Exhibit "A."

10.     On or about January 3, 2014, Plaintiff "GREAT LAKES" in exchange for good and valuable consideration issued to the Defendants named herein its Marine Insurance Policy No. CSRYP/144042  affording Hull & Machinery coverage for the period from December 3, 2013 through December 3, 2014 in the amount of $199,000.00 on the 2002  51 ft Sunseeker vessel which was owned by the said Defendants.

11.     On or about December 2, 2014, the Defendants named herein submitted to the Plaintiff, via Defendants' agent a Renewal Questionnaire seeking to renew the policy of marine insurance for another year. Such a submission was a routine aspect of the Plaintiff's procedure for considering whether to agree to renew the insurance coverage.

12.     A true and correct copy of the said Renewal Questionnaire form completed and signed on behalf of the Defendants, and submitted to Plaintiff on or about December 2, 2014 is attached hereto as Exhibit "B."

13.     Plaintiff agreed to issue a new policy of marine insurance based upon the representations set forth in, and the material information disclosed in, the Renewal Questionnaire form which is attached hereto as Exhibit "B."

14.     On or about December 4, 2014, Plaintiff "GREAT LAKES" in exchange for good and valuable consideration issued to the Defendants named herein its Marine Insurance Policy No. CSRYP/148831  affording Hull & Machinery coverage for the period from December 3, 2014 through December 3, 2015 in the amount of $199,000.00 on the 2002  51 ft Sunseeker vessel which was owned by the said Defendants.

15.     A true and correct copy of the Declarations Page and the policy language for Plaintiff's Policy No. CSPYP/148831 is attached hereto as Exhibit "C"

16.     On or about November 5, 2015, while Plaintiff's Policy No. CSRYP/148831 was in full force and effect, the 2002 51 ft Sunseeker vessel which was owned by the said Defendants sustained extensive damage when seawater intruded into the said vessel's engine spaces.

17.   Upon receipt of the first notice of the November 5, 2015 incident described herein, Plaintiff caused an investigation to be made into the facts and circumstances surrounding the said incident. The said investigation established that the damage sustained by the insured vessel was not due to anything of a fortuitous nature and was not an event for which Plaintiff's policy of marine insurance would afford any coverage.

18.   The said investigation established that the vessel owned by the Defendant was in unseaworthy condition as of the date of the inception of coverage and as of the date and time of the November 5, 2015 incident described herein.

4

19.   The said investigation established that the damage sustained by the insured vessel was caused by wear and tear, gradual deterioration, lack of maintenance, inherent vice, weathering, insects, mould, animal and marine life.

20.   The said investigation established that the damage sustained by the insured vessel's engines, mechanical and electrical parts, was not caused by an accidental external event such as collision, impact with a fixed or floating object, grounding, stranding, ingestion of foreign object, lightning strike or fire.

21.   Notwithstanding the facts established by Plaintiff's said investigation, Defendant has made a claim against the Plaintiff under the terms of Policy No. CSPYP/148831 demanding payment of the full price for effecting extensive repairs the vessel insured under the terms of the said policy.

## FIRST CAUSE OF ACTION

22.   Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 7 through 21 as if set forth fully herein.

23.   Plaintiff's policy states, in pertinent part:

2.   INSURING AGREEMENT

This is a legally binding insurance contract between you and us, incorporating in full the application signed by you. We will provide the insurance coverage described in this insuring agreement, in return for payment to us of the premium due and compliance by covered persons with the provisions, conditions and warranties of this insuring agreement.

3.      Coverage A, Hull, Machinery, Equipment and Dinghy

If a sum insured is shown for Section "A" of the insuring agreement declarations page, we provide coverage for ***accidental physical loss***

5

of, or damage to a scheduled vessel which occurs during the period of this insuring agreement and within the limits set out in the insuring agreement declarations page, subject to the insuring agreement provisions, conditions, warranties. deductibles and exclusions.

24.     The incident in which the Defendant's vessel sustained damage on November 5, 2015 does not constitute an accidental physical loss for which coverage would be afforded under the express terms and provisions of Plaintiff's policy of marine insurance.

25.     Notwithstanding the lack of any coverage under Plaintiff's policy of marine insurance, the Defendants have  made demand upon Plaintiff for payment of an amount equal to the full amount necessary to effect repairs to, or to replace, the vessel insured under the said terms of the said policy of marine insurance

26.     As a result of the aforesaid lack of coverage under the terms of the terms of the policy attached hereto, Plaintiff has sustained actual prejudice and seeks this Court's Declaratory Judgment regarding the coverage afforded under the terms of Policy No. CSRYP/148831. Until such time as the Plaintiff is able to have its rights and responsibilities under the marine insurance policy construed by this Court, Plaintiff will suffer uncertainty with respect to its responsibilities and obligations under the terms of the said policy.

27.     As a result of the Defendants' demands for payment under the terms of the policy of marine insurance attached hereto, and as a result of the lack of any coverage for the loss under the facts and circumstances described herein, a real and justiciable issue exists with respect to the

existence of valuable rights under the terms of the policies of marine insurance, and a <u>bona</u> <u>fide</u>,

actual and present dispute exists calling for this Court's Declaratory Judgment.


## <u>SECOND CAUSE OF ACTION</u>

28.     Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 7

through 21 as if set forth fully herein.

29.   Plaintiff's policy states, in pertinent part:

<u>9.  General Conditions & Warranties</u>

******

b)     It is warranted that the scheduled vessel is seaworthy at all
times during the duration of this insuring agreement. Breach
of this warranty will void this  insuring agreement from its
inception.


30.   The post-incident investigation carried out by the Plaintiff established that the vessel

owned by the Defendant was in unseaworthy condition as of the date of the inception of coverage

and as of the date and time of the November 5, 2015 incident described herein.

31.     The Defendants were therefore in direct violation of the said express warranty set

forth in Plaintiff's policy of marine insurance and therefore was in breach of the duties imposed upon

the Defendants by the express terms of the Plaintiff's policy.

32.     Defendants' breach of the express warranty set forth in the Plaintiff's policy of marine

insurance renders the said policy void *ab initio* and/or entitles the Plaintiff to declare the said policy

void.

33.     Defendants' breach of the warranty set forth in the Plaintiff's policy of marine insurance permits the Plaintiff to avoid liability for the costs of repairing or replacing the vessel as a result of the incident of November 5, 2015.

34.     Notwithstanding the said breach of an express warranty and the lack of any coverage under Plaintiff's policy of marine insurance, the Defendants have made demand upon Plaintiff for payment of an amount equal to the full amount necessary to effect repairs to, or in the alternative, to replace, the vessel insured under the terms of the said policy of marine insurance.

35.     As a result of the Defendants' breach of an express warranty and the aforesaid lack of coverage under the terms of the terms of the policy attached hereto, Plaintiff has sustained actual prejudice and seeks this Court's Declaratory Judgment regarding the coverage afforded under the terms of Policy No. CSRYP/148831.  Until such time as the Plaintiff is able to have its rights and responsibilities under the marine insurance policy construed by this Court, Plaintiff will suffer uncertainty with respect to its responsibilities and obligations under the terms of the said policy.

36.     As a result of the Defendants' demands for payment under the terms of the policy of marine insurance attached hereto, and as a result of the lack of any coverage for the loss under the facts and circumstances described herein, a real and justiciable issue exists with respect to the existence of valuable rights under the terms of the policies of marine insurance, and a bona fide, actual and present dispute exists calling for this Court's Declaratory Judgment.

### THIRD CAUSE OF ACTION

37.     Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 7

through 21 as if set forth fully herein.

38.   Plaintiff's policy states, in pertinent part:

<u>Exclusions to Coverage A</u>

Unless specifically agreed by us in writing and additional premium charged
the following losses and/or damages (whether incurred directly or indirectly)
are not covered by this insuring agreement:

******

b)     Losses due to wear and tear, gradual deterioration, lack of
maintenance, inherent vice, weathering, insects, mould, animal
and marine life.

39.     The incident in which the Defendants' vessel sustained damage on November 5, 2015

was due to wear and tear, gradual deterioration, lack of maintenance, inherent vice, weathering,

insects, mould, animal and marine life, for which coverage is excluded under the express terms and

provisions of Plaintiff's policy of marine insurance.

40.     Notwithstanding the lack of any coverage under Plaintiff's policy of marine insurance,

the Defendants have made demand upon Plaintiff for payment of an amount equal to the full amount

necessary to effect repairs to, or to replace, the vessel insured under the said terms of the said policy

of marine insurance.

41.     As a result of the aforesaid lack of coverage under the terms of the terms of the policy

attached hereto, Plaintiff has sustained actual prejudice and seeks this Court's Declaratory Judgment

regarding the coverage afforded under the terms of Policy No. CSRYP/148831.  Until such time as the Plaintiff is able to have its rights and responsibilities under the marine insurance policy construed by this Court, Plaintiff will suffer uncertainty with respect to its responsibilities and obligations under the terms of the said policy.

42.    As a result of the Defendants' demands for payment under the terms of the policy of marine insurance attached hereto, and as a result of the lack of any coverage for the loss under the facts and circumstances described herein, a real and justiciable issue exists with respect to the existence of valuable rights under the terms of the policy of marine insurance, and a <u>bona fide</u>, actual and present dispute exists calling for this Court's Declaratory Judgment.

## **FOURTH CAUSE OF ACTION**

43.    Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 7 through 21 as if set forth fully herein.

44.   Plaintiff's policy states, in pertinent part:

### Exclusions to Coverage A

Unless specifically agreed by us in writing and additional premium charged the following losses and/or damages (whether  incurred directly or indirectly) are not covered by this insuring agreement:

******

r)    Damage to the Scheduled Vessel's engines, mechanical and electrical parts, unless caused by an accidental  external event such as collision, impact with a fixed or floating object, grounding, stranding, ingestion of foreign object, lightning strike or fire.

10

45.     The incident in which the Defendants' vessel sustained damage on November 5, 2015 was not caused by an accidental external event such as collision, etc., and coverage is therefore excluded under the express terms and provisions of Plaintiff's policy of marine insurance.

46.     Notwithstanding the lack of any coverage under Plaintiff's policy of marine insurance, the Defendants have made demand upon Plaintiff for payment of an amount equal to the full amount necessary to effect repairs to, or to replace, the vessel insured under the said terms of the said policy of marine insurance.

47.     As a result of the aforesaid lack of coverage under the terms of the terms of the policy attached hereto, Plaintiff has sustained actual prejudice and seeks this Court's Declaratory Judgment regarding the coverage afforded under the terms of Policy No. CSRYP/148831.  Until such time as the Plaintiff is able to have its rights and responsibilities under the marine insurance policy construed by this Court, Plaintiff will suffer uncertainty with respect to its responsibilities and obligations under the terms of the said policy.

48.     As a result of the Defendants' demands for payment under the terms of the policy of marine insurance attached hereto, and as a result of the lack of any coverage for the loss under the facts and circumstances described herein, a real and justiciable issue exists with respect to the existence of valuable rights under the terms of the policy of marine insurance, and a bona fide, actual and present dispute exists calling for this Court's Declaratory Judgment.

WHEREFORE, Plaintiff demands judgment from the Court:

(A)     Declaring that the relationship of insurer and insured does not exist between Plaintiff and Defendants as regards the incident of November 5, 2015 in which the insured vessel sustained damage;

(B)     Declaring that Plaintiff's Policy No. CSRYP/148831 does not afford coverage to the Defendants for the incident of November 5, 2015 in which the insured vessel sustained damage;

(C)     Declaring that neither the incident of nor the damage resulting from the incident of November 5, 2015 constitute an accidental physical loss;

(D)     Declaring that the breach of the policy's warranty of seaworthiness by the Defendants as described herein voids the Plaintiff's Policy No. CSRYP/148831 *ab initio* and relieves the Plaintiff from any and all liability to the said Defendants under the terms of the Hull & Machinery coverage afforded under the said policy of marine insurance;

(E)     Declaring that any and all damage sustained by the vessel's engines, mechanical and electrical parts as a result of the incident of November 5, 2015 is excluded per the clear and unambiguous terms of the policy;

(F)     Declaring that any and all damage sustained by the vessel as a result of the incident of November 5, 2015 is excluded per the clear and unambiguous terms of the policy;

(G).    Any and all such other and further relief as the Court may deem proper and appropriate in the premises.

Dated:          March 14, 2016
                Fort Lauderdale, Florida

                              GOLDMAN & HELLMAN
                              Attorneys for Plaintiff
                              800 S.E. 3rd Avenue
                              4th Floor
                              Fort Lauderdale, Florida 33316
                              Tel (954) 356-0460
                              Fax (954) 832-0878

                              By:    /s/ Steven E. Goldman
                                     STEVEN E. GOLDMAN, ESQ.
                                     FLA. BAR NO. 345210

13